90 N.J. Super. 380 (1966)
217 A.2d 643
ANTHONY JASICZEK, AN INFANT BY HIS GUARDIAN AD LITEM, EUGENE JASICZEK, EUGENE JASICZEK, INDIVIDUALLY, AND STEPHANIE JASICZEK, PLAINTIFFS-APPELLANTS,
v.
PENNSYLVANIA RAILROAD COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1966.
Decided March 11, 1966.
*381 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Walter S. Swirsky argued the cause for appellants (Mr. Sidney C. Swirsky, attorney).
Mr. Gerald F. O'Mara argued the cause for respondent (Messrs. O'Mara, Schumann, Davis & Lynch, attorneys).
PER CURIAM.
This is a child trespasser case which was tried to a jury in the Law Division. The jury awarded damages in the amount of $25,000 to the infant plaintiff for his personal injuries; his parents were awarded $10,000 for consequential damages.
The theory of liability pleaded by plaintiffs accorded with Restatement, Torts, § 339 (1934), the principles of which are now firmly embedded in the law of this State. See the line of cases commencing with Strang v. South Jersey Broadcasting Co., 9 N.J. 38 (1952).
The defense was bifurcated. Defendant denied its liability upon plaintiffs' pleaded theory and also contended that it was immune from liability by reason of R.S. 48:12-152 which provides in part:
"Any person injured by an engine or car while walking, standing or playing on a railroad or by jumping on or off a car while in motion shall be deemed to have contributed to the injury sustained and shall not recover therefor any damages from the company owning or operating the railroad."
The statement of facts as presented by plaintiffs is as follows: "On April 9, 1961 the plaintiff, Anthony Jasiczek, who was born June 21, 1946, and was then age 14 trespassed from a public park in Jersey City through a hole in a fence onto certain property belonging to the defendant Pennsylvania Railroad. The plaintiff then boarded a Pennsylvania *382 Railroad train. He intended to get off this train at Journal Square, but it was moving too fast and he remained on it until he reached the Hackensack River Bridge. As the train approached the Hackensack River Bridge, these boys were observed by the rear brakeman Mr. Keller as he went out for a breath of air. Keller, after yelling at the youths, pulled the emergency, stopping the car on which the plaintiff was riding directly under a low high-voltage wire. The presence of this low wire was known to the brakeman. While the car was in a stopped position the plaintiff started crawling a distance of five to ten feet over the running board of the car he was on. This running board is a couple of inches higher than the car. The plaintiff was observed by Keller hunching his back up and coming in contact with the low lying high-voltage wire. The members of the train car universally had observed children playing on the trackage involved, there was an absence of warning signs present, relating to the low high-voltage wire with which plaintiff came in contact. As a result of coming in contact with the aforesaid wire, the plaintiff suffered injuries necessitating the amputation of the right foot below the knee, and the amputation of the two last toes of the left foot, skin grafts to the left foot, back, right hip, right shoulder, with skin being removed from the thigh and the chest wall for grafts, breakdowns and infection of the grafted areas."
Defendant in its brief expresses agreement with the foregoing statement except, it states, that there was evidence of the presence of warning signs along the trackage. For the purposes of the present appeal we deem this reservation to be inconsequential.
At the conclusion of the evidence defendant moved for a judgment of involuntary dismissal. In the ensuing argument defendant relied mainly upon R.S. 48:12-152, supra, but argued also that the plaintiffs had failed to prove common law liability under § 339 of the Restatement, supra. The trial court reserved decision on defendant's motion and submitted to the jury the questions of whether R.S. 48:12-152 exonerated *383 defendant under the facts of the case and, if not, whether the proofs were such as to discharge the defendant of common law liability. In the latter connection the charge of the court was clear and comprehensive.
After the verdict defendant moved for judgment n.o.v. under R.R. 4:55-2. Alternatively, defendant moved for a new trial upon the ground the verdict was against the weight of the evidence. Plaintiffs moved for a new trial as to damages only, contending that the verdict was inadequate and, alternatively, for an order of additur.
We are not presented with a transcript of the argument upon these various motions. However, there is reproduced a transcript of the trial court's decision from which it appears that the judge in a somewhat lengthy oral decision concluded that the statute was a bar to plaintiffs' claims. Thereupon the court granted the motion for judgment n.o.v. on that ground and entered judgment for the defendant. The following then occurred:
"MR. SWIRSKY [plaintiffs' attorney]: With the permission of counsel, at this particular time, although it is superfluous now, I would like to make my own motion for a new trial on damages only, that the damages here were inadequate or in lieu thereof for additur.
MR. O'MARA [defendant's attorney]: No objection to it.
THE COURT: Well, in view of the decision I have made in connection with the motion which I have 
MR. O'MARA: You should rule on my motion for a new trial here at this time, too. Deny my motion.
THE COURT: Well, to make the record clear I deny your motion for a new trial in view of my decision to dismiss.
And I also deny your motion for a new trial and the other relief you request for the same reason."
The plain import of the colloquy is that the court, having granted defendant's motion for judgment n.o.v., assumed the respective motions for new trial did not require determination on the merits.
We are satisfied that the provisions of R.S. 48:12-152, supra, are inapplicable to the facts of this case; that the court should have so ruled on the motion for involuntary dismissal *384 made at the trial and on the motion for judgment n.o.v.; and that the issue of the applicability of the statute should not have been submitted to the jury. The statute plainly speaks in terms of an injury by an engine or car. The infant plaintiff was not injured by an engine or car but by an overhead electric wire which ran above and across the defendant's right of way and of which it is presumed to have knowledge. Compare Egan v. Erie R. Co., 29 N.J. 243 (1959). On the other hand, defendant on its motion for a new trial was entitled to a determination on the merits of whether or not the weight of the evidence supported a verdict based upon defendant's common law liability in respect of the proof relating to all of the conditions set out in Restatement, Torts, § 339, supra. See Callahan v. Dearborn Developments, Inc., 57 N.J. Super. 437 (App. Div. 1959). aff'd., 32 N.J. 27 (1960). Accordingly, the judgment is reversed and the cause remanded to the trial court for findings and conclusions on that aspect of defendant's motion.
Plaintiffs did not cross-appeal from the denial of their motion for a new trial as to damages only or, alternatively, for an order of additur. However, in view of the trial court's disposition of the various motions (as above set out) and in view of the fact that the case is being remanded, it is our direction that this motion also be decided on the merits.
No costs, We do not retain jurisdiction.