## McLean et al., Appellants, *v.* Pittsburgh Plate Glass Co.

[Marked to be reported.]

*Corporations—Preferred stock—Dividends—Discretion of directors.*

The directors of a corporation have the discretionary power to determine not only the amount of all dividends, including dividends on preferred stock, but also the circumstances under which they will or may declare them. They are not entitled to refuse to declare them either arbitrarily or when, in view of all the considerations which should properly affect the question, they ought to grant them. Their action or refusal to act is subject to review by the court, but, within the regulated limits of their discretion, they have the exclusive control of the whole matter, and their action is binding upon the stockholders.

The stockholders of a corporation authorized the issue of preferred stock. The certificates set forth: " The holders of preferred stock of said company are entitled to dividends out of the net earnings of each year, when declared by the board of directors, to the extent of twelve per centum of the par value of said stock, before the payment of dividends to the holders of common stock, but the dividends on the preferred stock are not cumulative." On a bill in equity by holders of preferred stock to compel the directors to declare a dividend upon it, it appeared that the corporation had greatly increased its plant, and had thereby incurred large indebtedness, and that the directors had deemed it expedient to apply all the earnings of the year to the payment of this indebtedness. It also appeared that the liabilities of the company apart from its stock were almost double the amount of its assets. *Held*, that under the circumstances the discretion of the directors had been properly exercised, and that plaintiffs were not entitled to relief.

Argued Oct. 30, 1893. Appeal, No. 189, Oct. T., 1893, by plaintiffs, Charles B. McLean and Mrs. C. C. McLean, from decree of C. P. No. 2, Allegheny Co., April T., 1893, No. 226, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Bill in equity to compel directors of defendant corporation to declare dividend on preferred stock.

The case was heard on bill and answer. The facts disclosed by the bill and answer were as follows: Defendant company is a corporation, organized under the act of 1874 and its supplements, having its chief place of business in Allegheny county. On Oct. 18, 1883, when the issue of preferred stock was authorized, its entire capital stock was $600,000. It has since been increased to $2,750,000 by the increase of $2,150,000 of common stock.

On Oct. 18, 1883, a resolution of the stockholders authorized the issue of $150,000 of preferred stock (1500 shares), to bear an annual dividend of twelve per cent from the net earnings of that year, in preference to any dividend on the common stock. The resolution provided that the " directors shall from time to time declare dividends payable from the net earnings of the company for each year, first, to said preferred stock to the extent of twelve per cent per annum," if the net earnings amounted to that much ; if more, then a dividend on the common stock. The certificates to the preferred stockholders contained this provision : " The holders of preferred stock of said

company are entitled to dividends out of the net earnings of each year, when declared by the board of directors, to the extent of twelve per cent on the par value of said preferred stock before the payment of dividends to the holders of common stock, but the dividends on the preferred stock are not to be cumulative."

The bill was presented by plaintiffs in their own right, and on behalf of all other holders of preferred stock who might elect to become parties plaintiff.

The investments of the company in its works, extensions and new buildings now amount to $5,041,000. Its liabilities, in bonds, notes and accounts payable, amount to $1,353,000, while its material, stock on hand and outstanding accounts, amount to $739,000.

Dividends on the preferred stock had been regularly declared and paid down to and including 1891. The net earnings for 1892 were $282,000. The directors declared no dividends for that year, but all the earnings were appropriated to paying debts incurred, in and prior to 1892, in the extension and increase of the works and business of the company.

The reasons given by the directors in their answer for so doing were the following: "No dividends have been declared for the said year 1892 upon the preferred or common stock of the said company, solely for the reason that in the judgment of the board of directors of said company it was and is expedient and necessary to apply all the earnings of the company upon the company's indebtedness incurred in said enlargements, extension and increase of its works and business, and the said earnings have been so applied . . . . and these defendants aver that the board of directors of said company in failing or omitting to declare and pay a dividend or dividends on said preferred stock for the year 1892, have acted pursuant to the powers vested in them by law in view of the present financial condition of the said company, and in the exercise of good faith and a reasonable discretion."

The court, in an opinion by WHITE, J., after stating the facts as above, dismissed the bill.

*Error assigned* was above decree, quoting it.

*J. S. Ferguson, E. G. Ferguson* with him, for appellants.—
Dividends on preferred stock are in the nature of interest
chargeable exclusively upon profits: Henry v. Great N. Ry., 1
De G. & J. 606; Crawford v. Northeastern R. R., 3 Jur. N.
S. 1093.

A court of equity will, by injunction and other proper reme-
dies, protect the rights of holders of preferred stock: Board-
man v. Lake Shore R. R., 84 N. Y. 157; Elsworth v. N. Y. R.
R., 98 N. Y. 648; Sturge v. Eastern Union Ry., 7 De G., M.
& G. 158.

The directors of a corporation have a discretion as to declar-
ing dividends on preferred stock, but their action is subject to
review by a court of equity: Williston v. Mich. R. R., 95 Mass.
400; St. John v. Erie R. R., 22 Wal. 136; Bailey v. R. R., 17
Wal. 96.

Where the directors of a corporation neglect or refuse to pay
a dividend to the preferred stockholders when the finances of
the corporation justify it and the stockholders are equitably
entitled to receive it, a court of equity has jurisdiction of a bill
to compel payment thereof: Richardson v. Vermont R. R., 44
Vt. 613; Thompson v. Erie R. R., 45 N. Y. 468; Hazeltine v.
Belfast R. R., 79 Me. 411; Barnard v. Vermont R. R., 89 Mass.
512; Belfast R. R. v. City of Belfast, 77 Me. 445.

A distinction is made by the courts as to the discretion of
the directors between declaring dividends upon preferred stock
and on common stock: 2 Beach on Private Corporations, § 504.

It is to be noted that in almost every case in which the ques-
tion has arisen it has been in the case of a quasi-public corpo-
ration such as a railroad company. In such corporations the
directors represent the interests of the public as well as those
of the stockholders, and a much greater discretion may well be
accorded to them. But in a private manufacturing company,
which, after all, is but a partnership in corporate form, the dis-
cretion which can withhold from the shareholders the earnings
actually made and which the members associated themselves
solely for the purpose of making, ought, we submit, to be shown
to have been reasonably exercised.

*William Scott, John Dalzell* and *Geo. B. Gordon* with him,
for appellee.—Appellants are in no sense creditors of appellee
company: Cook on Stockholders, § 267.

Whatever rights they have, they have as holders of preferred stock.  Such rights have a legal definition.  They are defined by the company's charter and by the provisions of the certificates that appellants hold: Cook on Stockholders, § 269; general corporation act of April 29, 1874, §§ 16, 39, cl. 5, P. L. 75.

The discretion of the directors can only be reviewed and reversed when the directors have been guilty of bad faith, a willful abuse of their discretion, or a willful neglect or breach of duty: Hunter v. Roberts, Throp & Co., 31 A. & E. Corp. Cas. 349–350; Williams v. W. U. Tel. Co., 93 N. Y. 192; Ely v. Sprague, Clarke's Ch. (N. Y.) 351; State v. Bank, 6 La. 763; Brown v. Monmouthshire Ry., 4 Eng. L. & Eq. 113; Stevens v. So. Devon. Ry., 9 Hare, 313; Smith v. Prattville Mfg. Co., 29 Ala. 503; Pratt v. Pratt, Read & Co., 33 Conn. 446; Maryland v. B. & O. R. R., 6 Gill, 363; Park v. Grant Locomotive Works, 40 N. J. Eq. 115; R. R. v. Belfast, 77 Me. 454; St. John v. Erie R. R., 22 Wall. 136; N. Y., L. E. & W. R. R. v. Nickals, 119 U. S. 296.

OPINION BY MR. JUSTICE GREEN, December 30, 1893:

We think the decree of the learned court below in this case was entirely correct.  We do not see that there is anything either in the resolution of the stockholders at the meeting held October 18th, 1883, authorizing the issue of preferred stock, or in the certificates issued to the holders of preferred stock, which takes away from the directors, or impairs, the discretion which they must exercise in the declaration of dividends.  According to the language of the certificates, " The holders of preferred stock of said company are entitled to dividends out of the net earnings of each year, when declared by the board of directors, to the extent of twelve per centum of the par value of said stock before the payment of dividends to the holders of common stock, but the dividends on the preferred stock are not cumulative."  By this language the preferred stockholders are entitled to have their dividends " when declared by the board of directors," and such declaration by the directors is antecedent to the right to have them.  The resolution of the stockholders is the mere general expression of the authority given to the directors to issue preferred stock, prescribing the

preference in the way of dividends to be given to the holders of preferred stock, but not assuming to regulate the circumstances which shall determine the action of the directors, or to control their discretion in the exercise of their right. The 16th section of the corporation act of 1874, which confers the power to issue preferred stock, provides distinctly that "the holders of which preferred stock shall be entitled to receive such dividends thereon as the board of directors of the corporation may prescribe, payable only out of the net earnings of the corporation."

As a matter of course the directors must determine not only the amount of all dividends to be declared, but the circumstances in which they will or may declare them. They are certainly not entitled to refuse them either arbitrarily, or when, in view of all the considerations which should properly affect the question, they ought to grant them. Their action, or refusal to act, is undoubtedly subject to review by the courts, but within the regulated limits of their authority as suggested they have the exclusive control of the whole matter, and their action is binding upon the stockholders.

In a given case, therefore, it is only necessary to inquire what were the reasons which controlled their action. In the present case, which was heard upon the bill and answer only, they allege that, "In or prior to the year 1892, the said company decided to enlarge, extend and increase its works and business, and during the said year, in so doing, made large expenditures and incurred large indebtedness. No dividends have been declared for the said year 1892 upon the preferred or common stock, solely for the reason that in the judgment of the board of directors of said company it was, and is, expedient and necessary to apply all the earnings of the company upon the company's indebtedness incurred in said enlargement, extension and increase of its works and business, and that said earnings have been so applied."

In the fourth paragraph of the bill it was alleged that the liabilities of the company aside from its capital stock amount to $1,353,000, while without its investment account its assets, consisting of material, stock on hand, and outstanding accounts, amount to the sum of $739,000. This statement is admitted in the answer to be correct. Of course such assets are not cash

and are not available for use in paying debts, except in the process of liquidation.  The question then is whether, with debts and liabilities amounting to $1,353,000, it was an abuse of discretion on the part of the directors to abstain from paying any dividends for the year 1892.  We think not.  This very question has been determined by the Supreme Court of the United States in two cases, both of which appear to be entirely applicable to the facts of this case : St. John v. Erie Railway Company, 22 Wallace, 136, and New York, Lake Erie & Western Railroad v. Nickals, 119 U. S. Rep. 296.  In the first of these cases the property and franchises of the company had been sold under proceedings in foreclosure, and a reorganization was had by which the unsecured creditors of the company were to take preferred stock for their claims, and the stockholders of the old company should be common stockholders of the new.  The preferred stockholders were to be paid dividends of seven per cent out of the net earnings of the road, before the common stockholders were to get any.  The company perfected its organization, and carried on its operations for several years, and paid the seven per cent dividends to the holders of the preferred stock.  After the making of the agreement of reorganization, the company leased new roads, some of which were unprofitable ; they also borrowed large sums of money which was spent in repair and equipment of the road.  It then happened that after paying interest on the old debts, rent for the new roads, and interest on the new loans, the company could pay nothing more, and the dividends on the preferred stock were no longer paid.  A preferred stockholder filed a bill to compel the payment of his seven per cent dividends, and claimed he had a right to have them paid out of net earnings upon the condition of the road as it was when the agreement was made, and in advance of any payments of interest on newly borrowed money, or of rentals of other roads under the new leases.  The Supreme Court denied this right and held that the right to have preferred dividends out of the *net* earnings meant earnings which resulted after *all* charges or outlay were deducted.  Mr. Justice SWAYNE, in delivering the opinion, said, " There is nothing in the agreement or the statute, and we are aware of no legal principle, which would authorize the stockholders in question to analyze the business, select out a part of

it, and to say that the net earnings specified must be a predicate of that part, and of none other.    The company had the right to conduct its operations in good faith, as it might see fit; and it was from them, and all of them, that the materials for the computations of earnings were to be derived. . . . The corporation never agreed to be limited in the exercise of its faculties, and the complainant must abide the result.    If errors were committed, and a loss ensued, a court of equity cannot relieve him.    It is one of the chances of the enterprise in which he embarked."

In the other case above mentioned, New York, Lake Erie & Western R. R. v. Nickals, a somewhat similar state of facts was presented.    The property and franchises of the company had been sold, and a reorganization effected, under which new preferred stock was to be issued in exchange for old preferred stock, on which non-cumulative dividends were to be paid at the rate of six per cent out of the profits of each year, in preference to the payment of any dividends on the common stock.    New common stock was to be issued in exchange for old common stock.    There were other details of the agreement for reorganization which are not material.    The company was reorganized and carried on its operations.    In the year 1880 the report of the directors showed that a profit of $1,790,620.71 had been made on the business of the year, after deducting the payments made for interest on the funded debt, rentals of leased lines and other charges, but the whole amount of the resulting profit, together with a large additional sum, had been expended in the building of a double track, erection of buildings, providing additional equipments, acquiring and constructing docks at Buffalo, and making other improvements to the road and property.    In consequence of these expenditures no dividend was declared on either the preferred or common stock, and a preferred stockholder filed a bill to recover his dividends, claiming that the company had no right to expend its earnings in that way to the prejudice of the preferred stockholders.    The lower court allowed a recovery, but the Supreme Court reversed the decree, holding that there could be no recovery, on the ground that there was no abuse of discretion on the part of the directors in refusing to pay the dividend, or in the management of the affairs of the company by which the expenditures were made.

Mr. Justice HARLAN in the course of the opinion said : " The directors of such corporations, having opportunities not ordinarily possessed by others of knowing the resources and condition of the property under their control, are in a better position than stockholders to determine whether, in view of the duties which the corporation owes to the public, and of all its liabilities, it will be prudent in any particular year to declare a dividend upon stock.  While their authority in respect of these matters may, of course, be controlled or modified by the company's charter, and while the power of the courts may be invoked for the protection of stockholders against bad faith upon the part of the directors, we should hesitate to assume that either the legislature or the parties intended to deprive the corporation, by its managers, of the power to protect the interests of all, including the public, by using earnings when necessary, or when, in good faith, believed to be necessary, for the preservation or improvement of the property intrusted to its control."

Reviewing further the contention of the plaintiff, and the power of the directors over the earnings and their expenditure, and the agreement of reconstruction, the court held that the preferred stockholder was bound by the action of the directors, and was not entitled to any dividend because none was declared, and there was nothing to impugn the good faith of their action.

These rulings and principles and reasoning announced, are quite applicable to the present case, and, as we think, dispose of it.  The directors are far better able to judge what is the best policy, and for the best interests of all, in determining how far the earnings ought to be applied to the reduction of indebtedness, rather than to the payment of dividends.  As a rule it is always a measure of sound policy to discharge corporate indebtedness rather than to divide the earnings among the stockholders, allowing the indebtedness to remain.  The stockholders are almost certain to obtain larger advantages and returns in the future, especially where as here the property, works and business were so greatly enlarged by the expenditures in question.  There is not the least pretense of any bad faith on the part of the directors in making the expenditures and withholding the dividends, and we think the stockholders are bound by their action.

Decree affirmed at the cost of the appellant.