EVANGELINE CORTRIGHT AND EDWIN K. CORTRIGHT, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. TRUSTEES OF RUTGERS COLLEGE IN NEW JERSEY, A CORPORATION, DEFENDANT-APPELLEE.

Submitted February 11, 1938—Decided April 29, 1938.

For the appellants, *George S. Silzer.*

For the respondent, *Hicks, Kuhlthau & Thompson (Douglas M. Hicks,* of counsel).

The opinion of the court was delivered by

PORTER, J.  This is an appeal from a directed verdict in the Supreme Court, Middlesex Circuit, against the appellants and in favor of the respondent.  The action was to recover damages for personal injuries suffered by the plaintiff Evangeline Cortright and incidental damages suffered by her husband, the plaintiff ·Edwin K. Cortright.

It appears that on the evening of April 1st, 1936, Mrs. Cortright attended a concert given by the respondent in its gymnasium in New Brunswick.  The weather was showery when the concert was concluded and as the patrons were leaving the gymnasium.  There was a cement walk about seventy-

five feet long reaching from the entrance of the building to the street and connected with the sidewalk running parallel with the street. This walk was about seventy-five feet wide at the entrance and for about one-third of the distance to the sidewalk, and thirty-four feet wide for the balance of that distance.

In leaving the building together with many other people and walking on the walk going toward the street, Mrs. Cortright noticed some of the people walking on the lawn adjacent to the walk she was using. She thereupon left the walk to take the same course across the lawn to go to her automobile, that being the shortest and most direct way to the place where she had left it. As she walked from the walk onto the lawn she fell over a wire which was stretched on posts to act as a barrier or guard to keep people from walking on the lawn. She had not seen the wire and did not know that it was there.

It is the appellants' contention that she was an invitee on the premises and that the respondent violated the duty it owed her of using reasonable care in having the premises reasonably safe. We think not. We conclude that there was an implied invitation by the respondent to the appellant and the others who had attended the concert to use the place provided, namely, the walk from the sidewalk to the building in entering and leaving the building. This implied invitation was to use those facilities and no other parts of the premises. The duty to use reasonable care was at an end when she departed from the limits of the invitation and went upon the lawn. *Liveright* v. *Max Lifsitz Furniture Co.,* 117 *N. J. L.* 243; *Adams* v. *Olsen,* 107 *Id.* 288; *Furey* v. *New York Central and Hudson River Railroad Co.,* 67 *Id.* 270; *Ryerson* v. *Bathgate,* 67 *Id.* 337; *Phillips* v. *Library Co.,* 55 *Id.* 307.

Testimony was offered on behalf of the appellants that others on previous occasions had not seen the wire and had fallen over it, and that it was customary for persons to use the lawn as an exit from the building, particularly so, when the weather was stormy or when a crowd was present. Testi-

mony of previous accidents is inadmissible. However, the appellants contend that it was offered to show the unsafe condition of the premises. The record does not show that counsel stated that to be his purpose in offering it, but even so, the evidence of the unsafe conditions of the part of the premises to which the respondent's invitation did not extend was clearly incompetent and irrelevant. There was no error in excluding this testimony.

It follows that the judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BODINE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WALKER, JJ. 11.

*For reversal*—HEHER, PERSKIE, WOLFSKEIL, RAFFERTY, JJ. 4.