141 N.J. Super. 511 (1976)
358 A.2d 844
GUNIS E. KREVICS AND BETTY J. KREVICS, HIS WIFE, PLAINTIFFS,
v.
SHERMAN E. AYARS AND RICHARD HERRMAN, DEFENDANTS.
Superior Court of New Jersey, Salem County Court, Law Division.
April 30, 1976.
*513 Mr. Louis F. DiNicola, attorney for plaintiffs.
Mr. Robert F. Colquhoun, attorney for defendant Sherman E. Ayars.
*514 Mr. William P. Doherty, Jr., attorney for defendant Richard Herrman.
NARROW, J.C.C.
This matter comes before the court on motion of defendant Ayars for summary judgment. Ayars is the owner of an 11-acre tract of woodland in Quinton Township. It was on this undeveloped property that the incident resulting in this litigation occurred.
Plaintiff has alleged that for several years prior to the incident Ayars had allowed and maintained a motorbike trail on this property. At some date just prior to November 1, 1973 Ayars either caused or consented to the placement of a cable across the motorbike trail, ostensibly to keep others off of the land.
On November 1, 1973 plaintiff was riding along the trail on his motorbike when he came in contact with the cable. The accident occurred near dusk, when the cable was indistinguishable from the surrounding woodlands. Ayars had posted no warning signs. As a result of the accident plaintiff suffered substantial injuries.
Ayars moves for summary judgment on the ground that the Landowner's Liability Act (hereinafter, act), N.J.S.A. 2A:42A-1 et seq., bars plaintiff's action. For the reasons stated below, Ayars is not entitled to the relief.
While there have been but few reported cases dealing with this statute, it is clear that the Legislature did not intend to grant immunity in a case such as the present one. It can be stated as a general principle that the act was intended to protect landholders from liability only when it would be unreasonable to expect the landholder to maintain supervision over the property in question. Scheck v. Houdaille Const. Materials, Inc., 121 N.J. Super. 335 (Law Div. 1972). The key is the size and nature of the property, as well as the quality of the hazard.
As to the size of the tract of land, there is no doubt that this property does qualify its owner for protection under *515 the act. Furthermore, the recreational activity of motor-biking falls within the requirement of a "sport and recreational" activity as mandated by the act. Thus, the only issue which prevents defendant from claiming the benefit of the act is the "quality" of this particular hazard.
As to the "quality" of a hazard, the act states that the landholder owes no duty to keep the premises safe or to warn "of any hazardous condition of the land or in connection with the use of any structure. * * *" N.J.S.A. 2A:42A-3(a). Subsection (b) also protects the landholder when he grants permission to others to use the premises. This protection means that permission to use property does not include assurance that the premises are safe for such use. Nor does such permission raise the licensee to the status of an invitee.
Neither of these provisions applies, however, when the landowner deliberately creates the hazard, as plaintiff alleges here. The act itself excludes from its provisions the "willful or malicious failure to guard, or warn against, a dangerous condition, use, structure or activity * * *." N.J.S.A. 2A:42A-4(a).
Plaintiff's allegations must be accepted as truthful for purposes of this motion. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). These allegations quite reasonably lead to the conclusion that Ayars created or consented to the erection of a very dangerous condition on his property. At the time the cable was erected defendant was aware that the land was being used as a motorbike trail. The act cannot be construed to protect a landowner from liability when he creates or knowingly permits a condition which foreseeably will lead to this kind of accident.
It is important to note that the hazard here is not a natural one, like that in Odar v. Chase Manhattan Bank, 138 N.J. Super. 464 (App. Div. 1976). In that case plaintiff's decedent drowned while trying to rescue his daughter. The child had fallen through ice into a natural pond which *516 was on defendant's unsupervised property. The court held that the Landowner's Liability Act barred any action sounding in negligence which decedent's estate might have against defendant. The court relied on the fact that the pond and the ice were "natural conditions." Neither the ice nor the pond was created or maintained by defendant.
The situation is the opposite here. The hazardous situation was created by defendant. The erection of the cable was certainly a willful act. In view of defendant's knowledge of the use of the motorbike trail, and considering the type of hazard erected, defendant's action may even be construed as malicious.
Since the act is in derogation of the common law, it is to be strictly construed. O'Connell v. Forest Hill Field Club, 119 N.J. Super. 317 (Law Div. 1972). Additionally, the O'Connell court, as well as the Scheck court, supra, found that the act was not intended to abrogate the principles enunciated in Strang v. South Jersey Broadcasting Co., 9 N.J. 38 (1952), namely, that foreseeability is the basis of liability of a landholder for the injurious consequences of an item on his land. Indeed, by enactment of the Landowner's Liability Act, the Legislature has "simply expanded upon the principle of foreseeability central to the holdings in so many cases dealing with the duties of landholders to licensees and trespassers upon their properties." Scheck v. Houdaille Const. Materials, Inc., supra, 121 N.J. Super. at 343. Under the circumstances here, the foreseeability of serious bodily injury is obvious. Giving effect to the concept of foreseeability as stated above, then, the act will not bar liability.
Defendant has made some argument concerning the status of plaintiff as either a trespasser or licensee. Such a distinction is irrelevant, since the purpose of the act is to put trespassers and licensees on an equal footing. See O'Connell v. Forest Hill Field Club, supra, 119 N.J. Super. at 320. If I must classify plaintiff, however, I would consider him to be a licensee, since defendant knew of the *517 long-standing activity on his land and he at least tolerated it. See Snyder v. I. Jay Realty Co., 30 N.J. 303, 312 (1959).
But even if plaintiff is considered to be a trespasser, defendant is still required to respond in damages if he willfully or maliciously erects a hazardous condition and plaintiff is injured as a result thereof. N.J.S.A. 2A:42A-4(a).
Cortright v. Trustees of Rutgers College in New Jersey, 120 N.J.L. 246 (E. & A. 1938), cited by defendant is inapposite. The court there held only that plaintiff was no longer an invitee when she left the sidewalk to traverse defendant's lawn. Accordingly, the standard of care owed to an invitee was not applicable. Even so, in 1938 an occupier of lands was answerable to licensees only for willful or wanton acts, a much lower standard than that presently used. Since there was no evidence of willful or wanton conduct on the part of defendant in Cortright, that ended the question. Under modern principles, the failure to show willful or wanton conduct does not end the matter. Accordingly, Cortright is of little help in the resolution of this motion. See Williams v. Morristown Memorial Hospital, 59 N.J. Super. 384 (App. Div. 1960), for a discussion of the Cortright case, generally discrediting its present-day validity.
Modern-day tort concepts, in the absence of the act, would allow the case to go to the jury, whether plaintiff be a trespasser or licensee. Thus, in view of the inapplicability of the Landowner's Liability Act, defendant's motion must be denied.