421 A.2d 452

**COMMONWEALTH of Pennsylvania**

v.

**Earl TOWNSEND, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 29, 1980.

---

156

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Earl Townsend, appellant, was convicted in a non–jury trial in the Court of Common Pleas of Philadelphia of unauthorized use of an automobile, possession of an instrument of crime, robbery, and aggravated assault. Post–verdict motions were denied, and concurrent judgments of sentence of three to seven, one to two, and two and one–half to five years imprisonment were imposed. This appeal followed.

There is one assignment of error, namely, the court's permitting into evidence at trial the testimony of Josephine Brown who said she witnessed the crimes and identified Townsend as the guilty party. In pertinent part, the record discloses this.

Townsend filed a timely pre–trial motion to suppress Brown's testimony identifying Townsend, and a hearing on this motion was held on April 3, 1978. Brown testified to witnessing the crimes, to giving a description of the criminal to the police shortly thereafter, and to identifying Townsend

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

later in the police station. The hearing judge ruled the confrontation in the police station occurred under impermissibly suggestive circumstances and ordered Brown's testimony as to this suppressed. However, this judge refused to rule on the admissibility of any other testimony Brown might give in court identifying Townsend. The judge then recused himself from the case.

About two weeks later or on April 28, 1978, a second hearing was conducted before another judge to determine if any in—court testimony by Brown identifying Townsend should be suppressed. At the conclusion of this hearing, this judge refused to order suppression of Brown's in—court testimony. Brown was permitted to testify at trial, to describe the occurrence, and to identify Townsend as the perpetrator. The court concluded Brown's in—court identification had a source sufficiently independent of the police station confrontation and was not tainted thereby.

It was the Commonwealth's burden to establish by clear and convincing evidence that Brown's in—court identification testimony had a basis independent of the police station confrontation. Cf. *Commonwealth v. Fowler*, 466 Pa. 198, 352 A.2d 17 (1976). Since the suppression court ruled this was the case, in evaluating the correctness of this ruling, we consider only the Commonwealth's evidence and so much of the evidence presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Mitchell*, 477 Pa. 274, 383 A.2d 930 (1978). In sum, the issue is this: was the evidence clear and convincing that Brown's in—court identification testimony stemmed from Brown's original observations of Townsend at the scene of the crime and was purged of any taint stemming from the primary illegality of the unduly suggestive confrontation.[1] *Commonwealth v. Connolly*, 478

1. We need not consider whether the Commonwealth, which did not appeal the suppression order regarding the confrontation at the police station, may now argue the confrontation was not unduly suggestive because, assuming it was unduly suggestive, we have determined the in—court identification testimony was properly admitted into evidence.

Pa. 117, 385 A.2d 1342 (1978). The factors to be considered in determining whether the in–court identification testimony was purged of any primary illegality are: (1) the prior opportunity to observe the criminal act; (2) any discrepancy between any pre–confrontation description and Townsend's actual appearance; (3) any identification of anyone other than Townsend; (4) any failure to identify Townsend; (5) the lapse of time between the criminal act and the confrontation; (6) Brown's degree of attention; and, (7) the degree of certainty in identifying Townsend. See *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976).

The evidence established the following:

■ On December 24, 1977 at approximately 10:30 a. m., Phillip Upshur, the victim, while parking his automobile in the driveway of his garage, was approached by Townsend who asked Upshur if he wished to buy any tools. When Upshur responded in the negative, Townsend struck him with a hacksaw and knocked him to the ground. Townsend then entered Upshur's automobile and started to back it out of the driveway.

As Townsend was backing the vehicle out of the driveway into an alley and then onto a nearby street, Brown was passing by and heard Upshur scream for help. She observed Townsend for approximately 15 to 20 seconds in the automobile as he was backing out of the driveway. During most of this period, Brown observed the back of Townsend's head but did view his face for a matter of seconds from a very short distance.[2]

On the day of the crimes, Brown described Townsend to police as dark–skinned with a mustache, wearing a ring in his left ear and a blue ski jacket.[3]

2. The testimony at the second suppression hearing established Brown viewed Townsend's face from a distance of one inch. At trial, the distance was established as about five to ten feet.

3. At trial, Brown indicated she had also described Townsend as between 19 and 20 years of age.

During the next morning, Brown went to the police station where she observed Townsend talking to an officer in a detectives' room and immediately identified him.[4] This identification was made without any suggestion or prompting from police.

On January 24, 1979, Brown again identified Townsend at a preliminary hearing. Further, during the suppression hearing of April 3, 1978, Townsend was not seated next to his attorney when Brown identified him. The court allowed Townsend to be seated among the spectators to avoid any misidentification because previously the victim had identified someone other than Townsend as his attacker. While testifying, Brown made an immediate, unhesitating, and certain identification[5] of Townsend when asked to do so.[6]

Considering the foregoing, we conclude the Commonwealth met its burden of proof and the court did not err in ruling the in–court identification testimony was admissible. While Brown's description of Townsend to the police immediately following the occurrence was general, it was not contrary to Townsend's appearance. Brown never identified anyone other than Townsend and never failed to identify

4. Brown was mistakenly taken into the detectives' room, rather than to a waiting room. This identification was suppressed.

5. The suppression court noted that most of the approximately thirty persons in the courtroom would clearly have to be excluded when considering the accuracy of this identification because of their apparent official status or female sex, but that there was a sprinkling of black males in the courtroom when Brown identified Townsend. The court also noted that of the black males present none were "particularly similar to the defendant."

6. Townsend's brief suggests we should consider only the evidence presented at the April 28, 1978 hearing to resolve the issue presented, and not the evidence presented at the April 3, 1978 suppression hearing or at trial. No argument to support disregarding the suppression hearing evidence is made, and our recount of the evidence, unless otherwise noted, is derived from both suppression hearings. We need not reach the trial evidence because, even limiting our consideration to the evidence at the suppression hearings, we are satisfied the court did not err in permitting Brown's in–court identification testimony.

him. The lapse of time between the criminal act and the confrontation at the police station was only one day. Brown's attention during the crimes was clearly drawn to the events by Upshur's scream, and each of her identifications of Townsend was certain. In particular, the suppression court found her identification at the identification procedure conducted at the suppression hearing to be immediate, unhesitating, and certain. Finally, while she observed Townsend for only a matter of seconds, she did so in daylight from a short distance and with a full view of his face without obstruction.

While the time period during which Brown viewed Townsend's face is shorter than in many cases wherein an independent basis for an in–court identification has been found, compare *Commonwealth v. Connolly*, supra (fifteen minutes) and *Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1976) (three to five minutes) with *Commonwealth v. Holland*, 480 Pa. 202, 389 A.2d 1026 (1978) (independent basis found despite only a momentary facial view), Brown's observation of Townsend was particularly attentive because of Upshur's scream and was unobstructed. Compare *Commonwealth v. Taylor*, 472 Pa. 1, 370 A.2d 1197 (1977) (view of accused obstructed). Accordingly, we cannot say the court erred in denying the motion to suppress the in–court identification testimony. See *Commonwealth v. Holland*, supra (independent basis found where accused walked by witness despite witness' failure to identify accused at a preliminary hearing).

Judgments of sentence affirmed.