445 A.2d 151

**COMMONWEALTH of Pennsylvania**

v.

**Lloyd C. PARKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 1981.

Filed April 30, 1982.

Petition for Allowance of Appeal Granted Oct. 15, 1982.

David L. Pollack, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

This is an appeal from an order dismissing Lloyd Parker's P.C.H.A. petition without hearing and without any consideration of the merits of the issues raised therein. The petition is the fourth P.C.H.A. petition filed by appellant following his 1966 convictions for robbery and carrying a concealed deadly weapon.[1] Appellant contends that trial counsel and all subsequent counsel were ineffective for failing to assert a claim that the victim's identification testimony was tainted by a suggestive pre-trial identification procedure. We are constrained to reverse and remand for an evidentiary

---

1. The convictions were affirmed on direct appeal in *Commonwealth v. Parker*, 208 Pa.Superior Ct. 760, 223 A.2d 136 (1966).

hearing and consideration of the issue which appellant has raised.

The trial court dismissed appellant's P.C.H.A. petition without considering the merits of appellant's averment because it was of the opinion that the suggestiveness of the pre-trial identification procedure had previously been litigated. Our review of the record does not support this conclusion. It is true that appellant previously contended that a one-on-one confrontation with the victim three days after commission of the robbery had been invalid because he had not then been represented by counsel. It is also true that when an issue has been heard and decided, re-litigation may not be achieved by advancing a different theory. *Commonwealth v. Orr*, 450 Pa. 632, 301 A.2d 608 (1973); *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972). However, in *Commonwealth v. Barnes*, 248 Pa.Superior Ct. 579, 375 A.2d 392 (1977), this Court held that the issues of suggestiveness of pre-trial lineup and failure to be represented by counsel at such lineup are separate issues, and that the prior litigation of one is not a bar to a claim that counsel was ineffective for failing to raise the other.

Moreover, by asserting the ineffectiveness of trial counsel and all subsequent counsel for failing to raise the issue of the suggestiveness of the pre-trial one-on-one confrontation, appellant has alleged "extraordinary circumstances" which justify the failure to raise the issue in prior P.C.H.A. petitions. Thus, the issue has not been waived. *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980).

Substantively, we are unable to resolve appellant's claim on the present state of the record. When appellant was displayed one-on-one to the victim three days after the robbery, she was unable to identify him. At the preliminary hearing, however, she unequivocally identified appellant as one of the robbers, and this testimony was repeated during appellant's trial. Under these circumstances, appellant's contention appears to have arguable merit. At least, a contrary finding cannot be made summarily.

For these reasons we reverse the order of the court below and remand for an evidentiary hearing at which the merits of the issues raised in appellant's P.C.H.A. petition should be considered.[2]

2. Although we adhere to and follow the holding of a majority of the Court in *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980) and the decision of the Superior Court in *Commonwealth v. Barnes*, 248 Pa.Superior Ct. 579, 375 A.2d 392 (1977), the fact that we are here reviewing appellant's fourth P.C.H.A. petition suggests the urgent need to find the procedural means by which the number of collateral attacks upon the same criminal conviction can be limited. This is a vexing problem. "[V]irtually *any* claim, no matter how insignificant, is cognizable on collateral review as long as that claim is cloaked with an allegation of ineffectiveness of counsel. No claim may be truly waived, nor may any criminal conviction become final, subsequent counsel may always generate new litigation by alleging the ineffectiveness of his predecessor." *Commonwealth v. Watlington, supra,* 491 Pa. at 250, 420 A.2d at 436 (Dissenting Opinion by Flaherty, J.).

The first step in finding a solution may well be to remove the confusion which now exists between "waiver" and "forfeiture." Waiver of a right requires a defendant's knowing and intelligent decision to surrender that right. Forfeiture, however, "refers to a forfeiture of remedies and is a facet of the procedural law of judgments; it is a principle concerned with the finality of judgments. Many remedies may be forfeited without anyone's conscious decision." Strazzella, Ineffective Assistance of Counsel Claims: New Uses, New Problems, 19 Arizona Law Rev. 443, at 475. When we acknowledge that rights can be forfeited without a considered, personal decision by the defendant, then we will be able to focus more clearly on counsel's inactivity or tactical decision producing such forfeiture.

Secondly, and perhaps more importantly, we need to draw a distinction between simple counsel error, on the one hand, and ineffective assistance of counsel, on the other. This requires that we re-define that ineffective assistance of counsel which deprives a defendant of the constitutional right to fair trial and requires collateral relief. To permit unlimited and largely unfounded claims of ineffective assistance is offensive to our adversary system; will have a debilitating effect on the criminal, trial bar; will continue to prove tremendously wasteful of judicial resources; and will enhance public discontent with a criminal justice system which is perceived, whether rightly or wrongly, as being overly solicitous of rights of criminal defendants which are largely irrelevant to the issue of guilt or innocence. Perhaps a new definition might hold counsel constitutionally ineffective only in circumstances demonstrating "basic and fundamental error."

Only when we limit collateral relief to instances in which counsel's misfeasance or nonfeasance has been so egregious as to deprive a defendant of his constitutional right to a fair trial, and only when we

Reversed and remanded for proceedings consistent with the foregoing opinion.

SPAETH, J., files a concurring opinion.

JOHNSON, J., files a dissenting opinion.

SPAETH, Judge, concurring:

I agree that the lower court's order should be reversed and the case remanded for an evidentiary hearing at which the merits of the issues raised in appellant's PCHA petition may be considered. I write separately because of Judge WIEAND's comments in footnote 2 of his opinion.

It is indeed "vexing" that we are reviewing appellant's fourth PCHA petition and I agree with Judge WIEAND that post-conviction procedures have become too complex and therefore often unduly protracted. A review of those procedures could do no harm, and might prove valuable. As part of that review, I too should like to see a consideration of whether it would not be better to return to the doctrine of "fundamental error," abolished by *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Beyond this, I am unable to agree with Judge WIEAND. Of course it is "offensive" "[t]o permit unlimited and largely unfounded claims of ineffective assistance [of counsel]." But the fact is that all too often persons accused of crime do indeed receive ineffective assistance of counsel; their claims are by no means "unfounded." *See, e.g., Commonwealth v. Hoetzel*, 284 Pa.Superior Ct. 623, 426 A.2d 669 (1981) (failure to request charge relating to constructive possession and failure to object to erroneous simple possession charge); *Commonwealth v. Candia*, 286 Pa.Superior Ct. 282, 428 A.2d 993 (1981) ("grossly inappropriate" questioning of defendant by defense counsel opened door and subjected defendant to

are willing to recognize that substantive and procedural rights can be "forfeited" by counsel without a prior, knowing and intelligent waiver by the client, can we confidently expect to find a solution. Only then can we impose a realistic and fair limitation upon the seemingly interminable, collateral attacks and appeals which follow convictions because of claims of ineffective assistance of counsel.

To such a goal, by these or other means, we ask the Supreme Court to lend its supervisory and rule making powers.

ridicule regarding past drug-related activities); *Commonwealth v. Stiefel*, 286 Pa.Superior Ct. 259, 428 A.2d 981 (1981) (failure to produce crucial witnesses); *Commonwealth v. Lennox*, 286 Pa.Superior Ct. 41, 428 A.2d 228 (1981) (filing of boiler-plate post-verdict motions resulting in waiver); *Commonwealth v. Russo*, 283 Pa.Superior Ct. 421, 424 A.2d 536 (1980) (failure to object to prosecutor's open challenge to defendant to take witness stand); *Commonwealth v. Zaborowski*, 283 Pa.Superior Ct. 132, 423 A.2d 1023 (1980) (failure to file amended PCHA petition or brief); *Commonwealth v. Parker*, 281 Pa.Superior Ct. 360, 422 A.2d 509 (1980) (failure to file brief as ordered by Superior Court); *Commonwealth v. Johnson*, 280 Pa.Superior Ct. 309, 421 A.2d 737 (1980) (failure to file post-verdict motions properly and to protect defendant's right of appeal). The limitations suggested by Judge WIEAND would, I fear, often result in excusing careless counsel. Our time might be saved. But justice would not be served.

JOHNSON, Judge, dissenting:

When confronted with a claim of ineffective assistance of counsel this court undertakes a two-step analysis. First, we must determine whether the issue underlying the claim has arguable merit. If we find such arguable merit, then we inquire whether there was a reasonable basis for counsel's action or inaction. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Jennings*, 285 Pa.Super.Ct. 295, 427 A.2d 231 (1981). In this case the claim is that counsel was ineffective for not "raising the issue" of a one-on-one confrontation between the victim and the defendant three days after the defendant robbed the victim at gunpoint. The police brought two suspects in a car to the victim's store and asked her if they were the robbers. The victim responded that she couldn't be sure. At the preliminary hearing she did identify the defendant. At trial she testified that she recognized him as the robber because he had been a customer.

Firstly, at trial the jury knew of her earlier equivocation, and could therefore accord to her identification of the de-

fendant what weight it chose. *Commonwealth v. Davis,* 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Boone,* 287 Pa.Super.Ct. 1, 429 A.2d 689 (1981). Secondly, the identification of the defendant at the preliminary hearing had a basis independent of any recognition tainted by the earlier confrontation. *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Commonwealth v. Rankin,* 441 Pa. 401, 272 A.2d 886 (1971); *Commonwealth v. Townsend,* 280 Pa.Super.Ct. 155, 421 A.2d 452 (1980); *Commonwealth v. Perdie,* 249 Pa.Super.Ct. 406, 378 A.2d 359 (1977). Thirdly, two customers in the store also identified the defendant.

The test of the validity of the pre-trial confrontation is whether, considering the totality of the circumstances, the confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Commonwealth v. Wilson,* 450 Pa. 296, 301 A.2d 823 (1973).

Based on the totality of the circumstances surrounding this case, there would have been no due process violation found and hence counsel was not ineffective for not "raising the issue."

I therefore would affirm the denial of the PCHA petition.