447 A.2d 1046

**COMMONWEALTH of Pennsylvania**

v.

**Robert L. MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 9, 1981.

Filed July 16, 1982.

David C. Raker, Williamsport, for appellant.

Kenneth Brown, District Attorney, Williamsport, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and BECK, JJ.

CAVANAUGH, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Lycoming County, denying appellant's petition for post-conviction relief.

Appellant, Robert L. Martin, pleaded guilty to two counts of theft by deception, one count of issuing a bad check, and one count of criminal trespass. On September 20, 1976, appellant was sentenced to one (1) to five (5) years imprisonment on each charge, all to run concurrently. No motion to withdraw the guilty plea was filed and no direct appeal was taken.

On December 4, 1979, appellant filed a petition [1] pursuant to the Post-Conviction Hearing Act [2], (PCHA) in which he advanced four grounds [3] in support of his prayer for relief: that he had been denied the effective assistance of counsel by counsel's failure to object to the trial court's use of the pre-sentence report containing collateral criminal matters; counsel's failure to request the trial judge to recuse himself due to the prejudice instilled by the defective pre-sentence report; failure to object when the trial court failed to state

---

1. This petition concerns only the theft by deception and criminal trespass charges.

2. Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., *repealed* § 2(a) [1397] of Act 1978, April 28, P.L. 202, No. 53, to take effect June 27, 1980, *reinstated* Act of June 26, 1981, No. 40 § 1, to June 27, 1982.

3. The other asserted grounds were repetitive.

his reasons for imposing the sentences; and counsel's failure to properly perfect an appeal of these errors. Counsel was appointed and on April 28, 1980, granted a thirty day extension in which to amend appellant's PCHA petition, as he saw fit, for a hearing scheduled for August 18, 1980.

On August 15, 1980, appellant's counsel filed an amended petition raising twelve new issues.[4] At the hearing, the Commonwealth objected to the untimeliness of the amendment, citing *Commonwealth v. Nelson*, 489 Pa. 491, 414 A.2d 998 (1980). The lower court reserved judgment on the Commonwealth's objection until appellant could file a brief, but received testimony on the merits of the twelve new issues.[5] On October 20, 1980, the lower court denied appellant's motion to amend and denied the Commonwealth's motion to take additional testimony. On December 4, 1980, the lower court denied the appellant any relief with the exception of a new sentencing proceeding. On February 2, 1981, the appellant was again sentenced to one (1) to five (5) years imprisonment on these charges and this appeal followed.[6]

On appeal, appellant has abandoned the issues raised in his original PCHA petition. Though appellant's brief argued the merits of the twelve issues raised in his amended petition, the sole issue to be determined in this appeal is whether the lower court erred in denying appellant's motion to amend his PCHA petition.

Section Seven of the Post-Conviction Hearing Act provides:

4. The amended petition was filed on Friday, August 15, 1980 for the hearing at 1:30 p.m. on Monday, August 18, 1980.

5. The lower court only permitted the appellant to present evidence with regard to the issues raised in the appellant's amended petition pending its disposition of the Commonwealth's objection to appellant's petition to amend.

6. Because of our disposition of the case, we need not comment upon the issues raised in the appellant's amended petition and argued in the appellant's original brief to this court.

Amendment and withdrawal of petition

The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition. 1966, Jan. 25, P.L. (1965) 1580, § 7, effective March 1, 1966. (emphasis added).

Clearly, the object of the above quoted section was to avoid the unnecessary duplication of PCHA petitions and their subsequent appeals. Further, the policy of this court has been to discourage the piecemeal litigation of PCHA claims. *Commonwealth v. Parker*, 299 Pa.Super. 68, 445 A.2d 151 (1982); *Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982). Thus in accordance with that policy, while we do not condone the unexplained lack of diligence of the appellant's original PCHA court appointed counsel, we are constrained to reverse and remand for an evidentiary hearing for the consideration of the issues which appellant raised in his amended petition.

Reversed.