Lee WINCH, David J. Stratton, Charles A. Maas, Clifford Woolever, Francis Hamacher, Hazel Ann Helgesen, Dorothy Sarow, William Westbrook, Jr., Claire Ehle, Lillian M. Winch, and I. Dean Jordon, Appellants,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Respondent.

Supreme Court

*No. 77–514. Submitted on briefs March 5, 1980.—*
*Decided April 1, 1980.—Order published May 7, 1980.*
(Also reported in 291 N.W.2d 448.)

For the appellants the cause was submitted on the briefs of *David J. Ross* and *Bewick & Ross* of Evansville.

For the Public Service Commission the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, *Steven M. Schur,* chief counsel, Public Service Commission, and *Steven Levine,* assistant chief counsel.

For the Wisconsin Telephone Company the cause was submitted on the briefs of *Kenneth E. Millard, A. Thomas Breit* and *Philip L. Wettengel* of Milwaukee.

WILLIAM G. CALLOW, J.   This is an appeal from a judgment entered in an action commenced under Chapter 227, Stats., affirming an order of the Wisconsin Public Service Commission (PSC).  The order denied a petition filed by the appellants and twenty-nine others (petitioners) requesting the PSC to order the Wisconsin Telephone Company (WTC) to provide the Evansville telephone exchange with extended-area service to other specified exchanges or to grant alternative relief.  The Evansville exchange of the WTC serves approximately 1,750 customers in the city of Evansville and surrounding

rural areas in northwestern Rock county and a portion of Green county. The petitioners are customers of the WTC in the Evansville exchange who petitioned the PSC for relief, contending that the telephone service currently available to them is insufficient and inadequate due to the limited availability of extended-area service (calling without long-distance toll charges). They seek to have the PSC order the WTC to provide extended-area service between the Evansville exchange and WTC's Madison, Janesville, and Stoughton exchanges. At the time the petition was filed, the Evansville exchange had extended-area service to the Footville exchange of the Footville Telephone Company.

The petitioners allege that (1) provision of extended-area service to contiguous exchanges unjustly discriminated against the Evansville exchange because its customers must pay similar flat-rate charges for lesser services; (2) a strong community of interest existed between Evansville and the cities of Madison, Janesville, and Stoughton; and (3) majorities of the residential and business customers who responded to a survey favored increased extended-area calling.

In denying the petition, the PSC found that the existing phone service available to Evansville was "reasonably adequate" and that a sufficient community of interest to justify extended-area service did not exist to warrant the additional costs of extended-area service. The PSC found no demonstration of need or desire for extended-area service from Madison, Stoughton, and Janesville to Evansville and that measure of community interest falling below benchmark levels made consideration of extended-area service from Evansville to Stoughton unjustified. The PSC also found that one-way, *nonoptional* extended-area service from Evansville to Janesville and Madison, with the increase in the monthly basic service charge that would be required to recover the costs of providing such service, would benefit only 17

percent of the Evansville customers calling Janesville and 11 percent of those calling Madison, while the expense of the service would burden the majority who would receive little or no direct benefit from the service expansion. Because the requested *optional* extended-area service would result in substantial losses to WTC, the PSC reached the conclusion that optional services were unreasonable in that "ultimately a burden of cost is assessed to customers not deriving benefits from the services." In addition to considering the demand for extended-area service and the costs of providing it, the PSC considered supplementary telephone services presently provided to Evansville customers. The PSC noted that, in addition to local service and extended-area service to the Footville exchange, Evansville customers could make calls to Janesville, Madison, and Stoughton under long-distance services, foreign exchange service, Wide Area Telephone Service (WATS), Tel-A-Visit service, and Call-Pak services. The PSC stated that these optional services "have the capability to meet certain demands but yet do not burden all customers with unreasonable costs."

On the basis of its balancing of these factors, the PSC ruled against the requests for extended-area service to and from the Evansville exchange, concluding that the "[e]xisting service for that exchange is reasonably adequate."

The petitioners' request for extended-area service was accompanied by an alternate request that the PSC order WTC to "restructure its rates statewide to develope [sic] usage-sensitive, cost-oriented rate plans." They ask that existing extended-area service arrangements throughout the state be eliminated and replaced by a system of complete toll service for interexchange calling. The PSC denied this request, noting that economic conditions which in the past had favored expanded extended-area service had changed and no longer allowed

expansion without significant rate increases. The PSC concluded that wholesale revision of WTC's statewide rate structure was not "shown in any manner by this record to be necessary for the public interest."

On review under Chapter 227, Stats., the circuit court affirmed the order of the PSC in its entirety, without any modification, having found that there was substantial evidence in the record supporting each of the PSC's findings. The petitioners appeal. We affirm.

Three issues are presented:

(1) Is there substantial evidence in the record to support the PSC's finding that existing telephone service to the Evansville exchange is reasonably adequate?

(2) Did the PSC properly consider loss of toll revenue as a factor in determining whether to approve extended-area service?

(3) Was denial of the petitioners' request for extended-area service unjustly discriminatory?

■

On this review, "the task of this court is to determine whether the circuit court erred in its determination." *Bucyrus-Erie v. ILHR Department,* 90 Wis.2d 408, 416, 280 N.W.2d 142 (1979). The circuit court's review is confined to the record, sec. 227.20(1), Stats., and must consider separately questions of law, fact, and procedure, sec. 227.20(3). The standards of review are defined by section 227.20(5) and (6).[1] The PSC consid-

---

[1] Section 227.20(5) and (6), Stats., provide:

"(5) The court shall set aside or modify the agency action if it finds that the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action, or it shall remand the case to the agency for further action under a correct interpretation of the provision of law.

"(6) If the agency's action depends on any fact found by the agency in a contested case proceeding, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. The court shall, however, set aside agency action or remand the case to the agency if it finds that the agency's action depends on any finding of fact that is not supported by substantial evidence in the record."

ered three factors: (1) The existing telephone service between Evansville and the cities of Janesville, Madison, and Stoughton; (2) The community of interest between Evansville and the three cities; and (3) The comparative costs of presently available services and the requested services, and the comparative benefits of the services. In *Weyauwega Telephone Co. v. Public Service Comm.*, 14 Wis.2d 536, 554–56, 111 N.W.2d 559 (1961), these factors were held to be proper factors for consideration by the PSC in determining whether a request for extension of telephone services should be granted. This court also stated that deference must be paid to the PSC's assessment of these factors:

"The weighing of these various factors is a policy function which lies peculiarly within the province of the PSC. If there exists any reasonable basis in the evidence for the determination made by the commission, a reviewing court should not disturb it." *Id.* at 556.[2]

The petitioners argue that substantial evidence does not support the PSC's finding that existing Evansville telephone service is adequate to meet long-distance calling needs by asserting that existing optional services, though designed to save the customer 20 percent, result in only an 11 percent savings of otherwise applicable long-distance rates and that calls of long duration, placed under the optional services, may cost more than the regular toll charge for such calls.

The PSC responds to that argument noting that customers with heavy calling requirements could supplement long-distance service with foreign exchange service, Call-Pak, Tel-A-Visit, and Wide Area Telephone Service (WATS). Foreign exchange service gives the

---

[2] *See also, St. Francis v. Public Service Comm.*, 270 Wis. 91, 98, 70 N.W.2d 221 (1955), where this court recognized the PSC's expertise in the field of utility regulation. This expertise must be accorded "due weight" on judicial review. Sec. 227.20(10), Stats.

customer who frequently calls a particular exchange a telephone number in the selected foreign exchange; for this service the customer pays a flat, monthly rate plus a charge dependent upon the distance of the customer from the foreign exchange. Call-Pak consists of three optional services providing customers with blocks of time within which calls may be placed anywhere within defined distances at flat rates with a charge for additional minutes of use. Tel-A-Visit is a service available to residential customers and allows them to call anywhere in Wisconsin during specified times when there is generally low use of the telephone system for $5 per month for the first 120 minutes, with a charge for additional minutes. WATS is available to business customers and provides a heavy user with rates lower than regular long-distance rates.

In weighing the community of interest factor, the PSC considered a toll usage study detailing the number of calls placed by customers during April and May, 1975, between the two exchanges and the amounts paid by customers for placing the calls. The study showed that 92 percent of the Janesville customers, 91 percent of the Stoughton customers, and 98 percent of the Madison customers placed no calls to Evansville during the study period. Because the petitioners presented no pertinent evidence to the contrary, the PSC's conclusion that there was little interest for extended-area service *to* Evansville is clearly supported by substantial evidence. Noting that only 27.2 percent of the Evansville customers placed calls to Stoughton, the PSC found that calling patterns did not demonstrate any significant need or interest in extended-area service to Stoughton. With regard to calling patterns to Madison and Janesville, the PSC found "at least a large minority interest at Evansville in calling" to those cities to be a relevant factor which warranted further consideration in determining whether extended-area service should be made available.

The petitioners contend that the PSC placed undue reliance on the toll study because it did not include Call-Pak and Tel-A-Visit calls and that the PSC instead should have relied on the petitioners' customer survey. The PSC found that the net effect of not including Call-Pak or Tel-A-Visit calls in the study had a negligible impact on the results. The record reveals substantial consistency between the toll study and the petitioners' survey. The PSC is entitled to consider the factor of existing toll usage between exchanges as relevant and probative evidence, and assessing the probative value and weight of the evidence is a matter entirely within the discretion of the PSC. *Robertson Transportation Co. v. Public Service Comm.*, 39 Wis.2d 653, 658, 159 N.W.2d 636 (1968); *Berkan v. Personnel Board*, 61 Wis.2d 644, 649, 213 N.W.2d 354 (1974). The order clearly states that both the customer survey and the toll study were considered in determining how much community of interest existed between Evansville and the cities of Janesville, Madison, and Stoughton; the PSC stated that both studies led to the same conclusion. The petitioners have not overcome the substantial evidence standard; they have not shown that the PSC's assessment of community of interest is so unsupported by the evidence that a reasonable man, acting reasonably, could not have reached the decision from the evidence and its inferences. The PSC's assessment may not be set aside. *Holtz & Krause, Inc. v. DNR*, 85 Wis.2d 198, 204, 270 N.W.2d 409 (1978).

The petitioners challenge the PSC's evaluation of cost considerations, arguing the PSC committed an error of law when it considered, as part of the cost of approving extended-area service between Evansville and Janesville or Madison, the revenue presently earned from toll calls between those cities which would be lost when such toll calls became local calls. They contend that only the cost of new equipment needed to provide extended-area ser-

vice should be considered as the cost of providing the service.

The petitioners raise this issue for the first time in this court. "It is the often-repeated rule in this State that issues not raised or considered in the trial court will not be considered for the first time on appeal." *Wirth v. Ehly,* 93 Wis.2d 433, 443, 287 N.W.2d 140 (1980); *Terpstra v. Soiltest, Inc.,* 63 Wis.2d 585, 593, 218 N.W.2d 129 (1974). This court has equally often noted that this rule is not absolute and that the rule is one of administration and does not involve the court's power to address the issues raised. *Wirth v. Ehly, supra* at 443–44; *Terpstra v. Soiltest, Inc., supra* at 593. Because of the manner in which the issue is presented, we do not believe that addressing this contention would be an appropriate exercise of our discretion. Therefore, this issue is not considered.

The petitioners claim the PSC's denial of their request for extended-area service is unjustly discriminatory.[3] Notwithstanding the fact that extended-area services provided petitioners are not precisely the same as those offered other area exchanges, the PSC found that existing services were reasonably adequate and not unjustly discriminatory. The PSC held that it would be "preferential and unjustly discriminatory to authorize any of the extended-area service offerings under investigation in this proceeding" in that "[t]he increased charges to cover the costs would be supporting a service for the benefit of a minority."

In support of their claim that WTC is unjustly discriminating against the Evansville exchange, the petitioners state only that other exchanges in Rock and Dane counties have extended-area service to Janesville or Madison. The record is devoid of any evidence compar-

---

[3] *See:* Secs. 196.26 and 196.37(2), Stats.

ing the exchanges in question. The petitioners admit that no evidence was introduced as to the community of interest existing between exchanges other than Evansville which have extended-area service to Janesville or Madison. Nor was evidence presented as to the percentage of persons in those other exchanges who benefit from or regularly use extended-area service to Janesville or Madison, or as to the portion of the rates paid by customers of these other exchanges which goes to pay for extended-area services. Without additional evidence in the record, the fact that customers of other exchanges have extended-area service does not, standing alone, prove unjust discrimination with regard to Evansville. As the parties claiming unequal protection of the laws, the petitioners bear the burden of proof; the PSC need not demonstrate the absence of a discriminatory effect. *Omernik v. State*, 64 Wis.2d 6, 18, 218 N.W.2d 734 (1974). The petitioners have not met this burden; the PSC's determination should not be disturbed. However, for the first time on appeal, the petitioners argue the burden of showing the absence of discrimination should be on the WTC or the PSC, citing the doctrine of res ipsa loquitur. We do not deem the res ipsa loquitur issue appropriately presented for review. We conclude the circuit court correctly found the PSC's findings are supported by substantial evidence in the record.

*By the Court.*—Judgment affirmed.