Andrew W. BASINAS, Petitioner-Appellant,†

v.

STATE of Wisconsin (Personnel Commission) and Department of Health & Social Services, Respondents.

Court of Appeals

*No. 79–1552. Submitted on briefs August 6, 1980.—*
*Decided October 27, 1980.*
(Also reported in 299 N.W.2d 295.)

† Petition to review granted. BEILFUSS, C.J., took no part.

For the petitioner-appellant the cause was submitted on the briefs of *Richard V. Graylow* and *Lawton & Cates* of Madison.

For the respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *Robert J. Vergeront,* assistant attorney general, and *George B. Schwahn,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   This appeal is from a judgment rendered pursuant to an administrative review by the Dane County Circuit Court. The judgment affirms an order entered by the personnel commission (commission) dismissing petitioner's appeal for want of subject matter jurisdiction.  The issues raised involve administrative review of an agency's reassignment of an employee to another position pursuant to the career executive program.

The state civil service laws have recently been the subject of major legislative revisions. Ch. 196, Laws of 1977. The pertinent portions of these revisions became effective February 16, 1978. Prior to that date, primary responsibility for the administration of the civil service rested with the bureau of personnel in the department

of administration. Sec. 16.03(1), Stats. (1975). The state personnel board (board), however, was exclusively vested with specific personnel duties by statute. Sec. 16.05, Stats. (1975). The board was attached to the department for limited purposes, but exercised its duties independently of the department. *See* secs. 15.105 (3) and 15.03, Stats. (1975).

Prior to the 1977 revision of the law, the board essentially had three functions. The first of these was the promulgation and review of rules. Sec. 16.05(1)(a) through (c), Stats. (1975). It was also granted authority to hear various types of appeals. Sec. 16.05(1)(e) through (g), (1975). Finally, the board could investigate any matter concerning the enforcement of the civil service statutes and rules, and could issue recommendations and orders pursuant to that authority. Sec. 16.05 (3) and (4), (1975).

With the 1977 revision, the legislature eliminated the personnel functions of the department of administration and created the department of employment relations. The division of personnel was also created as part of the department. The legislature made the board an independent agency, removed its appellate functions, and created the commission, also as an independent agency. The commission was vested with the appellate jurisdiction that was removed from the board. Sec. 230.45, Stats.

As part of its rule-making authority, the board was empowered to create the career executive program. This program was first authorized by sec. 52, ch. 270, Laws of 1971, creating sec. 16.19, Stats. (1971). That statute, now sec. 230.24(1), Stats., provides as follows:

The administrator may by rule develop a career executive program that emphasizes excellence in administrative skills in order to provide agencies with a pool of highly qualified executive candidates, to provide out-

standing administrative employes a broad opportunity for career advancement and to provide for the mobility of such employes among the agencies and units of state government for the most advantageous use of their managerial and administrative skills. To accomplish the purpose of this program, the administrator may provide policies and standards for recruitment, examination, probation, employment register control, certification, classification, salary administration, transfer, promotion and reemployment separate from procedures--established for other employment. The administrator shall determine the positions which may be filled from career executive employment registers.

The career executive program was created by ch. Pers. 30, Wis. Adm. Code, effective April 4, 1974. This chapter also established a set of rules applicable to the career executive program separate from those which apply to other classified civil service employees. Chapter Pers. 30 has never been amended to conform to the statutory changes enacted by the 1977 legislation.

Petitioner is a classified state employee. He elected to enter the career executive program and, until June 5, 1977, held the position of director, bureau of institutions, division of corrections, department of health and social services. Division Administrator Allyn Sielaff reassigned petitioner, effective June 5, 1977, to the position of superintendent, Oak Hill Correctional Institution. Petitioner's former position involved line supervision over all institution superintendents (including the Oak Hill superintendent) and was one pay range higher than his current position. Petitioner's salary was not affected as a result of the reassignment. [1]

---

[1] The salaries of career executive employees who are reassigned are governed by sec. Pers. 30.09, Wis. Adm. Code, which provides in part:

(3) Except as provided in (4) a career executive reassignment to a position allocated to a classification assigned to a lower pay

Petitioner appealed his reassignment to the board. The board rendered its decision on June 16, 1978. It found that Sielaff had two reasons for reassigning petitioner: (1) Petitioner was well qualified by his experience to supervise the Oak Hill institution, and the position had to be filled on an expedited basis; and (2) Petitioner was experiencing difficulty in the director position, particularly with regard to managerial skills. The board also found that Sielaff's letter only provided petitioner with the first reason as an explanation of his reassignment, and thus did not contain a full statement of the reasons for the agency's action, as required by sec. Pers. 30.07(2), Wis. Adm. Code.[2] It concluded that the notice requirement of this rule was mandatory and that failure to comply with it fully voided the reassignment. Accordingly, the board ordered reinstatement of petitioner to his position as director within 30 days of the decision.

range shall result in no immediate pay adjustment. If the employe's rate of pay is greater than the maximum of the new pay range, the employe shall not be eligible to receive a pay adjustment . . . until such time as the pay range maximum equals or exceeds the employe's pay rate.

(4) When an employe with career executive status is reassigned for disciplinary purposes to a. position in the career executive program allocated to a classification assigned to a lower pay range, the rate paid the employe may be at any rate within the pay range which is not greater than the last rate received immediately prior to such reassignment.

[2] Section Pers. 30.07(2), Wis. Adm. Code, provides:

When an appointing authority determines that an employe in a career executive position in his or her department can best be utilized to accomplish the department's program goals by reassignment to another career executive position for which the employe is qualified in a classification with the same, or lower pay range maximum, the appointing authority may make such reassignment provided it is reasonable and proper. All such reassignments shall be made in writing to the affected employe with the reasons stated therein.

Sielaff reinstated petitioner by letter to his former position, effective July 14, 1978. The letter further informed petitioner that he was reassigned once again to the superintendent position at Oak Hill. This reassignment was also to be effective July 14, 1978. The letter informed petitioner of both of Sielaff's reasons for reassigning him to Oak Hill. It also indicated that petitioner could appeal his reassignment to the newly created commission pursuant to sec. Pers. 30.10, Wis. Adm. Code.

Petitioner filed two separate appeals from his reassignment.[3] One of these appeals was to the board. By letter dated February 12, 1979, the board stated that it had voted not to undertake an investigation of petitioner's claim, and was accordingly closing its file. Petitioner filed a petition to review the board's action. In a decision dated May 7, 1979, the circuit court for Dane County held that the board's letter was not a "decision" as contemplated by sec. 227.15, Stats., and was thus not subject to review. Petitioner did not appeal from that determination.

Petitioner's other appeal was made to the commission by letter dated August 10, 1978. In a decision and order dated November 22, 1978, the commission found that it had no subject matter jurisdiction to entertain petitioner's appeal. The appeal was accordingly dismissed. Petitioner filed a petition for review in circuit court. The court entered judgment affirming the commission's decision. It is from that judgment that petitioner now appeals.

Petitioner raises the following issues on appeal:

(1) Is subject matter jurisdiction conferred on the commission by ch. 230, Stats., or by sec. Pers. 30.10, Wis. Adm. Code, to hear an appeal from a career execu-

---

[3] The record does not disclose why petitioner appealed to both the board and the commission.

tive employee who has been reassigned to a position that has a lower pay range?

(2) If the commission does not have subject matter jurisdiction to hear petitioner's appeal:

(a) Is sec. Pers. 30.10, Wis. Adm. Code, in conflict with sec. 230.34, Stats?

(b) Does the rule which allows reassignment of career executive employees exceed the division of personnel's delegated authority?

(c) Is the division of personnel's delegated authority unlawful because it lacks procedural safeguards?

(d) Does the failure to grant petitioner a right to a hearing violate due process?

## I. *Subject Matter Jurisdiction*

(1) *Not Conferred by Ch. 230, Stats.*

Section 230.45(1)(a), Stats., provides that the commission shall conduct hearings on appeals under sec. 230.44. Section 230.44(1) defines appealable actions. Petitioner contends that the commission may hear his appeal by virtue of sec. 230.44(1)(c), which provides:

> If an employe has permanent status in class, the employe may appeal a *demotion,* layoff, suspension, discharge or reduction in pay to the commission, if the appeal alleges that the decision was not based on just cause. (Emphasis added.)

Petitioner also relies on sec. 230.34(1)(a), Stats., which provides:

> An employe with permanent status in class may be removed, suspended without pay, discharged, reduced in pay or *demoted* only for just cause. This paragraph shall apply to all employes with permanent status in class in the classified service, . . . . (Emphasis added.)

The parties appear to agree that petitioner is an employee with permanent status in class.[4]

Petitioner argues that he is entitled to appeal to the commission because his reassignment to a position with a lower maximum rate of pay constitutes a demotion. In addition to the lower pay range, petitioner points to the fact that as director, he had supervisory authority over his current position as superintendent.

Chapter 230, Stats., contains no definition of the word "demote." Petitioner cites dictionary definitions in support of the proposition that his reassignment was actually a demotion. He also cites the definition contained in sec. Pers. 17.01, Wis. Adm. Code: "A demotion is the movement of an employe with permanent status in one class to a position in another class that has a lower single rate or pay range maximum."

Section Pers. 17.01, Wis. Adm. Code, does not apply to career executive employees. The administrator of the division of personnel is given authority by sec. 230.24 (1), Stats., to promulgate rules "separate from procedures established for other employment." In accordance with this authority, sec. Pers. 30.10(1), Wis. Adm. Code, was created. It provides as follows:

Career executive program employment grants to each employe thereunder rights and privileges of movement between positions within the program without examination and additional competition except as provided in Wis. Adm. Code section Pers. 30.08(2). *Career executive reassignment and career executive voluntary movement to a position allocated to a classification assigned to a pay range having a lower, or higher pay range maximum shall not be considered a demotion, or a promotion, respectively, and the statutory appeal rights provided thereto shall not apply.* (Emphasis added.)

---

[4] Section Pers. 13.11, Wis. Adm. Code, provides:

Permanent status in class means the status of an employe in a position who has served a qualifying period to attain a permanent appointment in a position for that class.

Reassignment of a career executive employee to another career executive position is thus not a demotion, even if the new position has a lower maximum pay range.[5] Accordingly, the statutes cited by petitioner do not confer subject matter jurisdiction on the commission to hear his appeal.

(2) *Not Conferred by Sec. Pers. 30.10, Wis. Adm. Code*

█

Petitioner next contends that the commission has jurisdiction to hear his appeal pursuant to the provisions of sec. Pers. 30.10, Wis. Adm. Code. He was told in the July 12 reassignment letter that he could appeal to the commission pursuant to that section if he wished to do so.

Section Pers. 30.10, Wis. Adm. Code, provides in pertinent part as follows:

(2) Career executive reassignment . . . is authorized without limitation, *unless upon appeal by an employe with career executive status to the personnel board,* the personnel board finds that the performance evaluation under Wis. Adm. Code section Pers 30.12 or other evidence offered by the appointing authority fails to demonstrate that the appointing authority's action was reasonable and proper. *The employe is also entitled to an appeal when such reassignment is alleged by the employe to constitute an unreasonable and improper exercise of an appointing authority's discretion . . . .*

(3) An appointing authority may reassign a career executive employe for disciplinary purposes only for just cause.

. . . .

[5] An inapplicable exception to this general rule is found in sec. Pers. 30.10(4), Wis. Adm. Code:

Removal of an employe with career executive status from the career executive program resulting in the placement of the employe in a position allocated to a classification assigned to pay range 17 or below is defined as a demotion and is subject to an appeal therefrom as authorized by established statutory provisions.

(5) Career executive status grants an employe the same redress rights granted employes with permanent status in class under subsection 16.05 (1) (e), Wis. Stats., for suspension without pay, discharge, layoff or *reassignment for disciplinary purposes to a position within the career executive program allocated to a classification assigned to a lower pay range.* (Emphasis added.)

Petitioner's appeal letter alleged that his reassignment was an unreasonable and improper exercise of the appointing authority's discretion, and that he was reassigned for disciplinary reasons.

The commission's authority to hear appeals is fixed by secs. 230.45 (1) (a) and 230.44 (1), Stats. Those statutes do not confer jurisdiction on the commission to hear petitioner's appeal. Even if sec. Pers. 30.10, Wis. Adm. Code, could be read to authorize the commission to hear an appeal from a career executive reassignment, the rule cannot confer jurisdiction where none is granted by statute.[6]

An agency or board created by the legislature only has those powers which are expressly or impliedly conferred on it by statute. Such statutes are generally strictly construed to preclude the exercise of power which is not expressly granted. *Browne v. Milwaukee Bd. of School Directors,* 83 Wis.2d 316, 333, 265 N.W.2d 559, 567 (1978).

Sections 230.45 (1) (a) and 230.44 (1) provide neither express nor implied authority to the commission to hear petitioner's appeal. The commission correctly dismissed the appeal for want of subject matter jurisdiction.

---

[6] Section Pers. 30.10, Wis. Adm. Code, and sec. 16.05 (1) (e), Stats. (1975), authorize an appeal to the board. The rule cannot be relied upon to authorize an appeal to the commission. Petitioner's contention that it does so is contrary to the plain language of the rule.

## II. Non-Jurisdictional Attacks

**(1) No Conflict Between Rule and Statute**

Petitioner argues that sec. Pers. 30.10(1), Wis. Adm. Code, which provides that reassignment of a career executive employee to a position having a lower pay range maximum shall not be considered a demotion nor shall the statutory appeal rights provided for a demotion apply, conflicts with secs. 230.34 and 230.44, Stats., which provide that an employee may appeal from a demotion made without just cause. We find no conflict between the two provisions. The statutes do not define the term "demotion". Authority to promulgate a definition of the term is included in the authority granted by sec. 230.05(5) ;[7] it is a necessary power to provide for effective operation of the statutes. Authority to define the term as to career executive employees differently from other employees is found in sec. 230.24(1), which allows the division of personnel to establish policies and standards for career executive employees which are separate from those established for other employment.

The differing definitions of "demotion" are also consistent with the expression of policy found in sec. 230.-24(1), Stats. The career executive program is intended to "provide for the mobility of . . . employees among the agencies and units of state government for the most advantageous use of their managerial and administrative skills." In order to give effect to this policy, it may be necessary to move an employee into a position which has a higher or lower maximum pay range.[8]

---

[7] Section 230.05(5), Stats., provides in part:

The administrator shall promulgate rules for the effective operation of the provisions of this subchapter, the responsibility for which is specifically charged to the administrator.

[8] The salary of an employee who moves to a position with a lower maximum pay range is not lowered as a result of the reassignment. See n. 1 of this opinion.

We conclude that the division of personnel's decision not to treat petitioner's reassignment as a demotion is consistent with the philosophy of sec. 230.24(1), Stats. Accordingly, we find no conflict between sec. Pers. 30.10(1), Wis. Adm. Code, and secs. 230.34 and 230.44.

(2) *Delegated Authority Not Exceeded*

Petitioner next argues that the division of personnel has exceeded its delegated authority by providing for reassignment of career executive employees. Petitioner points to the grant of power in sec. 230.24(1), Stats., providing in part:

To accomplish the purpose of this program, the administrator may provide policies and standards for recruitment, examination, probation, employment register control, certification, classification, salary administration, *transfer*, promotion and reemployment separate from procedures established for other employment. (Emphasis added.)

Petitioner contends that applying the rule of statutory construction that "the expression of one thing is the exclusion of another"[9] requires us to hold that the areas listed are the only ones in which rules may be promulgated. Since "reassignment" is not on the list, petitioner contends that the rules relating to reassignment exceed the board's authority and are thus unlawful. *See Browne,* 83 Wis.2d at 333, 265 N.W.2d at 567.

It is not clear whether reassignment is authorized by the statute. The word "transfer" may mean a move from one position to another position having the same pay rate or pay range maximum. This is the definition given to the term by the division of personnel with respect to noncareer executive employees. Sec. Pers. 15.01, Wis.

---

[9] "Where the legislature grants a series of powers under circumstances which suggest that the grant is exclusive, according to the doctrine of *expressio unius est exclusio alterius,* powers not granted are not conferred." *State ex rel. Waldeck v. Goedken,* 84 Wis. 2d 408, 420, 267 N.W.2d 362, 367 (1978).

Adm. Code.[10] The term may also be understood to mean "move or send to a different location esp. for business . . . purposes,"[11] without regard to the pay range associated with the positions. Because the statute is capable of being understood by a reasonably well-informed person in two different ways, the statute is ambiguous, and we may rely on extrinsic sources to aid our construction of it. *Wirth v. Ehly,* 93 Wis.2d 433, 441, 287 N.W.2d 140, 144 (1980).

One source to which we may turn for guidance when a statute is ambiguous is the agency's interpretation of the statute. "The general rule is that the construction and interpretation of a statute adopted by the administrative agency charged by the legislature with the duty of applying it is entitled to great weight." *Department of Administration v. WERC,* 90 Wis.2d 426, 429, 280 N.W.2d 150, 152 (1979).

The board concluded that "reassignment" was encompassed by "transfer." The board determined that part of the legislative intent of sec. 230.24, Stats., was to provide a flexible means of interchange of career executives which is not subject to the rules that apply to regular classified civil service transactions. In this context, the board reviews a section Pers. 30.07 "reassignment" as a form of career executive "transfer."

The board's reasoning is sound. Accordingly, we agree that the term "transfer" found in the statute authorizes the "reassignment" provided in the administrative rules.

---

[10] Section Pers. 15.01, Wis. Adm. Code, provides:

A transfer is the movement of an employe with permanent status in class from one position to a vacant position allocated to a class having the same pay rate or pay range maximum and for which the employe meets the qualification requirements.

[11] *Webster's Third New International Dictionary* at 2427 (unabr. 1976).

### (3) *Procedural Safeguards*

Petitioner next contends that the delegation of power to make reassignments is unlawful because no procedural safeguards exist to ensure that the board will act within its authority. In support of this argument, petitioner cites the following:

> In determining whether the legislature has properly delegated its power to an agency, this court applies the following rule:
> " 'A delegation of legislative power to a subordinate agency will be upheld if the purpose of the delegating statute is ascertainable and there are procedural safeguards to insure that the board or agency acts within that legislative purpose.' " (Citations omitted.) *State (Dept. of Admin.) v. ILHR Dept.,* 77 Wis.2d 126, 134, 252 N.W.2d 353, 356 (1977).

Section 230.24(1), Stats., vests the administrator of the division of personnel with broad authority to promulgate rules with respect to the career executive program. A broad grant of rule-making power "will be permitted where there are procedural and judicial safeguards against arbitrary, unreasonable, or oppressive conduct of the agency." *Westring v. James,* 71 Wis.2d 462, 468, 238 N.W.2d 695, 698 (1976). Safeguards do exist. First, the administrator "is dependent upon the will of the legislature and . . . his powers, if abused, are subject to legislative correction." *Westring,* 71 Wis.2d at 468, 238 N.W.2d at 698. Second, the administrator's "rule-making authority is attended by the procedural safeguards under the Administrative Procedure Act, ch. 227, Stats., requiring public hearings, and the validity of such rules may be challenged in the courts under sec. 227.05, Stats." *State v. ILHR Dept.,* 77 Wis.2d at 135, 252 N.W.2d at 357.

### (4) *Due Process*

Petitioner's final contention is that the failure of the division of personnel to grant him a hearing with respect to his reassignment violates the due process clause of the fourteenth amendment to the United States Constitution. Petitioner argues that he has both a property interest, citing *State ex rel. DeLuca v. Common Council,* 72 Wis.2d 672, 242 N.W.2d 689 (1976) and *Board of Regents v. Roth,* 408 U.S. 564 (1972), and a liberty interest in his good name, reputation, honor, or integrity, citing *Wisconsin v. Constantineau,* 400 U.S. 433, 437 (1971), in his employment. Petitioner maintains that his reassignment without providing the opportunity for a hearing unconstitutionally infringed on these interests.

The record is inadequate to decide the constitutional issue raised by petitioner. While petitioner has challenged the constitutionality of the *commission's* failure to provide an appeal procedure, the commission has not been granted subject matter jurisdiction by the legislature to hear his appeal. The record does not reflect the nature of the review petitioner requested from the *board.* The petition to review the board's decision is not a part of this record. The board's letter to petitioner's counsel states in full:

At its meeting of February 2, 1979, the Board voted not to undertake any investigation in the above entitled matter. This decision will not be reconsidered, and, accordingly, we are closing our file.

The circuit court concluded that this letter was not a "decision" as contemplated by sec. 227.15, Stats., and dismissed the review proceeding. Petitioner has not appealed from that dismissal.

*By the Court.*—Judgment affirmed.