IN the MATTER OF the ESTATE OF Esther
Elizabeth GOLDAMMER, Deceased: JOHN
DEERE CREDIT COMPANY, Petitioner-
Appellant,†

v.

Robert J. GOLDAMMER, Respondent,

Jane GOLDAMMER, Jill Goldammer and Julie
Goldammer, Intervening Respondents.

Court of Appeals

*No. 86–1046. Submitted on briefs February 11, 1987.—Decided
March 4, 1987.*

(Also reported in 405 N.W.2d 693.)

† Petition to review denied.

On behalf of the petitioner-appellant the cause was submitted on the briefs of *George Love* of *Love, Voss & Dreyfus* of Waukesha.

On behalf of the respondent and intervening respondents the cause was submitted on the joint brief of *Michael M. Corcoran, S.C.* of Waukesha and *James L. Steimel, S.C.* of Waukesha, respectively.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. This case tests whether a debtor can disclaim a bequest received in a will in order to defeat an action begun by a judgment creditor under sec. 813.026, Stats. We hold that unless barred by statute, the disclaimer can defeat the creditor's action. We affirm here because no allegation was made that the disclaimer was barred under a specific statutory provision.

The John Deere Credit Company obtained a judgment against Robert J. Goldammer in the sum of $11,978.00. Subsequently, Goldammer's mother died, leaving a will giving him an interest amounting to in excess of $20,000. John Deere filed an action under sec. 813.026, Stats., which allows the heir's creditors to reach the interest to the extent of the debt. Goldammer then filed a disclaimer under sec. 853.40, Stats., renouncing his interest. The issue is whether the disclaimer overrides the sec. 813.026 action.

Section 813.026, Stats., provides:

In an action, in a court of record, for damages founded upon contract or upon a judgment, when it appears that the defendant is interested, as heir, legatee or devisee, in the estate of a decedent and that the defendant's property liable to execution is probably insufficient to satisfy the plaintiff's claim for damages, *the defendant may be enjoined by the court, pending the action, from assigning or otherwise disposing of his interest in such estate; and a receiver therefor may be appointed. The judgment may compel the defendant to transfer sufficient of his interest to satisfy the judgment or may adjudge such transfer.* The remedy given by this section is in addition to that given by proceedings supplementary to execution under ch. 816. If a receiver is appointed, he shall give prompt notice thereof to the administrator or executor. [Emphasis added.]

The disclaimer statute, sec. 853.40, Stats., in pertinent part, provides:

(2) RIGHT TO DISCLAIM. (a) *In general.* A person who is an heir, person succeeding to a disclaimed intestate interest, beneficiary under a will, person succeeding to a disclaimed interest created by will, donee of a power created by will, appointee under a power exercised by will or taker in default under a power created by will, may disclaim any property or interest in property, including contingent or future interests or the right to receive discretionary distributions, by delivering a written instrument of disclaimer under this section.

. . . .

(6) EFFECT OF DISCLAIMER. (a) *Property not vested.* The property or interest disclaimed under this section shall be deemed not to have

been vested in, created in or transferred to the disclaimant.

> (b) *Devolution.* Unless the deceased transferor of the property or deceased donee of the power has otherwise provided, the property or interest disclaimed devolves as if the disclaimant had predeceased the deceased transferor of the property .... *A disclaimer relates back for all purposes* to the date of death of the deceased transferor of the property or the deceased donee of the power .... [Emphasis added.]

John Deere argues that even if neither of these statutes expressly mentions that a creditor's lien overrides disclaimers, there is a "common law lien," equitable in nature, that must be read into the statute. This lien operates against the interests of the beneficiary, is codified by sec. 813.026, Stats., and makes the disclaimer under sec. 853.40, Stats., ineffectual.

As conceded by John Deere, however, no previous Wisconsin common law involves the creditor's pursuit of the debtor's interest in an estate when a disclaimer has been made. Further, neither statute's history discusses placing the creditor's actions in a superior position to disclaimers.

■ Rather, sec. 853.40(6), Stats., expressly provides that the property or interest disclaimed shall be deemed not to have been vested in, created in or transferred to the disclaimant. Instead, the disclaimer relates back "for all purposes." If a disclaimer is filed, therefore, the beneficiary has no property interest to which an "equitable lien" can attach.[1] The only way

---

[1]John Deere also asks us to consider whether sec. 813.026,

that a creditor can defeat a disclaimer is if there is a specific bar under the statute that is alleged and proven by the creditor. Section 853.40(7)(a) and (b) provides:

> (a) *Method.* A person's right to disclaim property or an interest in property is barred by the person's:
>
> 1. Assignment, conveyance, encumbrance, pledge or transfer of the property or interest or a contract therefor;
>
> 2. Written waiver of the right to disclaim; or
>
> 3. Acceptance of the property or interest or benefit of the property.
>
> (b) *Payment of debt. A person's right to disclaim property or an interest in property is barred if there is a pending proceeding under s. 863.46 for the payment of a debt.* [Emphasis added.]

Section 863.46, Stats., provides in part:

> (1) If any legacy or distributive share of any estate belongs to any debtor who has absconded from or is a nonresident of this state, any of his or her creditors may petition to intervene in the probate proceedings to compel the application of the legacy or distributive share to the payment of his or her debt.

Since Goldammer apparently resides out of state, John Deere may have been able to allege a bar to

---

Stats., can be "reconciled" with sec. 853.40, Stats., by placing a constructive trust on the parties ultimately receiving the distribution of the estate. A different theory requests that we place an equitable lien on the new beneficiaries. Neither of these issues was presented before the trial court. We decline to consider them now. *See Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145–46 (1980).

disclaimer under sec. 853.40(7)(b), Stats. Belatedly, on appeal and after briefing has been completed, John Deere makes that exact claim before us. It now asks us to consider this statutory bar as an alternative argument to its equitable lien theory.

As pointed out by Goldammer, however, it is clear from the record that there was not a "pending proceeding" under sec. 863.46, Stats. Use of that section was never pled or argued at the trial court level; it is raised for the first time on appeal. We will not now review whether John Deere is protected under sec. 853.40(7)(b), Stats., because the issue presented to the trial court and to us was whether it was protected by sec. 813.026, Stats., under the equitable lien theory.

*By the Court.*—Order affirmed.